APPEAL OF MOORE & SCRIVER CO.

Docket No. 678.    Submitted May 18, 1925.    Decided July 15, 1925.

*W. Yale Smiley, Esq.*, for the taxpayer.
*Ward Loveless* and *A. Calder Mackay, Esqs.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves a deficiency in income and profits taxes for the fiscal year ending January 31, 1920, in the amount of $464.47, and is based upon the disallowance by the Commissioner of the amount of $23,512.03, which had been included by the taxpayer in the consolidated invested capital of Moore & Scriver Co., and the Moore & Scriver Holding Co.

The question of depreciation of furniture and fixtures, which was raised in the petition, was waived at the hearing, leaving only the question of invested capital aforesaid.

### FINDINGS OF FACT.

1. Prior to 1916 there existed a partnership known as Moore & Scriver, engaged in the business of selling furniture and general house furnishings in Minneapolis, Minn. On April 30, 1909, the partnership acquired by assignment a one-hundred-year lease on certain described property in Minneapolis, Minn., for a cash consideration of $12,500 and an agreement to pay the stipulated rental in the lease.

2. Moore & Scriver, the partnership, in 1909, after its acquisition by assignment of the lease aforesaid, built a four-story building on the property, to which additions were made, including four stories erected in 1916. The property is located in the best retail section of Minneapolis. The improvements on the premises consist of a modern fireproof building of reinforced concrete, suitable for a high-class retail business in the heart of the retail section of Minneapolis.

3. The corporation, known as Moore & Scriver Holding Co., was organized March 1, 1916, and took over by assignment from the partnership the lease aforesaid, together with all improvements thereon, and issued stock of the par value of $23,500 therefor. This property was all the property owned by the Holding Company and it held a legal title to the lease to the property. The Moore & Scriver Co. rented from the Moore & Scriver Holding Co. the building located on the leased premises and paid enough rental to cover the carrying charges, such as taxes, insurance, and necessary expenses. It was not the intention of the Holding Company to charge a rental in excess of actual cost of operation of the property and the rental

which it was required to pay under the terms of the lease, as it was organized merely to hold the title for the Moore & Scriver Co. The stock of the Moore & Scriver Holding Co. was owned as follows:

| | Par value |
|---|---|
| Morris E. Moore | $24,900 |
| Edward J. Scriver | 24,900 |
| R. Elgin Scriver | 200 |

4. Prior to the taxable year involved, the partnership of Moore & Scriver was dissolved and a corporation was formed for the purpose of carrying on the business formerly carried on by the partnership. The persons who owned the stock of the Moore & Scriver Holding Co. owned the stock of the Moore & Scriver Co., and during the taxable year involved a consolidated return was filed which included the income and invested capital of the Moore & Scriver Co. and the Moore & Scriver Holding Co.

5. From the facts presented and the testimony of several expert witnesses familiar with the valuations of leaseholds in Minneapolis on the date involved, we find that the leasehold to the aforesaid premises had an actual cash value of at least the amount of $23,500, for which stock was issued by the Moore & Scriver Holding Co., and that that amount should be included in invested capital of the consolidated group.

DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.